**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bobby P. Ruff, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2015-002013

---

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Unpublished Opinion No. 2017-UP-146
Submitted January 1, 2017 – Filed April 5, 2017

---

**AFFIRMED**

---

Bobby P. Ruff, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Bobby P. Ruff appeared before the Board of the South Carolina Department of Probation, Parole and Pardon Services (the Board) in September 2013. The Board denied Ruff parole, and the administrative law court (ALC) affirmed the Board's decision. Ruff appealed the ALC's order to this court, raising

four issues. In June 2015, this court found Ruff was not entitled to special parole and concluded two of Ruff's issues were not preserved. Additionally, this court determined the Board failed to evaluate Ruff's risk using the South Carolina Department of Probation, Parole and Pardon Services's (the Department's) adopted assessment tool in reaching its decision to deny parole. Therefore, this court reversed and remanded the case to the Board for a new parole hearing. Specifically, this court ordered the Board to evaluate Ruff's risk using the Department's assessment tool and consider the results of the evaluation in reaching its decision regarding Ruff's parole.[1] Prior to Ruff's new parole hearing, he filed an appeal with the ALC. The ALC dismissed Ruff's appeal, explaining it lacked jurisdiction to review a decision of this court.

Ruff now appeals the ALC's order, arguing (1) the Board abused its discretion when it relied upon the immutable factors of the commitment offense to deny his parole, (2) the ALC erred by failing to rule on his issues, and (3) the ALC had jurisdiction to rule on his issues. We affirm.[2]

We find the ALC lacked jurisdiction to hear Ruff's appeal and therefore, properly dismissed his action. *See Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000) (holding an inmate may have the ALC review the final decision of the Department of Corrections); S.C. Code Ann. § 14-8-200 (Supp. 2016) (providing this court has "jurisdiction over any case in which an appeal is taken from . . . a final decision of an agency [or] a final decision of [the ALC]").[3]

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS, and MCDONALD, JJ., concur.**

---

[1] *See Ruff v. S.C. Dep't of Prob., Parole & Pardon Servs.*, Op. No. 2015-UP-309 (S.C. Ct. App. filed June 24, 2015) (affirming in part, reversing in part, and remanding the ALC's decision).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

[3] To the extent Ruff was attempting to appeal the Department's June 25, 2015 letter to this court, we find this appeal was properly dismissed by the ALC because it was not an appealable final decision regarding Ruff's parole eligibility. *See Al-Shabazz,* 338 S.C. at 369, 527 S.E.2d at 750 (holding an inmate may have the ALC review *the final decision* of the Department of Corrections). Ruff had another parole hearing scheduled for October 21, 2015; however, his appeal to the ALC was dismissed on September 1, 2015.